UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SUMMIT ENTERTAINMENT, LLC,

        Declaratory Judgment Plaintiff,

    -v-

EPV ENTERPRISES, LLC

        Declaratory Judgment Defendant.

------------------------------------------------------------x

EPV ENTERPRISES, LLC,

        Counterclaim Plaintiff,

    -v-

SUMMIT ENTERTAINMENT, LLC,

        Counterclaim Defendant.

------------------------------------------------------------x

EPV ENTERPRISES, LLC,

        Third-party Plaintiff,

    -v-

APPLEHEAD PICTURES LLC,
CAROLINE KAPLAN, GIULIO TAMASSIA,
CLUB DI GIULIETTA,

        Third-party Defendants.

------------------------------------------------------------x

Case No. 10 Civ. 0193 (JSR)(FM)

ECF Case

Filed Electronically

**GIULIO TAMASSIA AND CLUB DI GIULIETTA'S ANSWER TO EPV ENTERPRISES, LLC'S THIRD PARTY COMPLAINT**

Third-party Defendants Giulio Tamassia ("Tamassia") and Club di Giulietta (the "Club"), as and for their Answer to Third-party Plaintiff EPV Enterprises, LLC's ("EPV") counterclaims,

responds as follows, the paragraph numbers hereof corresponding to the Third-Party Complaint set forth in EPV's Answer, Counterclaims, and Third-Party Claims of EPV Enterprises, LLC (the "Counterclaims"), beginning on page 12.

## NATURE OF THE ACTION

1. Tamassia and the Club admit that the Club is based in Verona, Italy, is presided over by Tamassia and has volunteers known as Juliet's secretaries. Tamassia and the Club further admit that the Club provides responses to thousands of letters seeking advice from Juliet Capulet, the fictional character of Shakespeare's *Romeo & Juliet*. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 of the Counterclaims and therefore deny them.

2. Tamassia and the Club admit that on September 20, 1994, Tamassia and the Club entered into an agreement with Rigas Entertainment, Ltd., entitled "Club di Giulietta Option and Consulting Agreement," as of May 3, 1994 (the "Option Agreement"). The Option Agreement, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or import of the Option Agreement, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club admit they entered into an agreement with Rigas Entertainment, Ltd. as of September 20, 1997, as modified and explained in Tamassia's letter of October 2, 1997, in which Rigas Entertainment, Ltd. exercised the option from the Option Agreement (the "Purchase Agreement"). The Purchase Agreement, in its entirety, speaks for itself. To the extent that the allegations misstate or mischaracterize the substance, content or import of the Purchase Agreement, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny the remaining allegations of the first sentence of Paragraph 2 of the Counterclaims. Tamassia and the Club are without

sufficient information to form a belief as to the truth or falsity of the allegations of second sentence of Paragraph 2 of the Counterclaims and therefore deny them.

3.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Counterclaims and therefore deny them.

4.     Tamassia and the Club deny the allegation in the second sentence of Paragraph 4 of the Counterclaims that Tamassia and the Club gave approval or provided substantial consultation and assistance to Kaplan, Applehead and/or Summit. With respect to the remainder of the allegations set forth in Paragraph 4 of the Counterclaims, Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of such allegations and therefore deny them.

5.     Tamassia and the Club deny the allegation in the second sentence of Paragraph 5 of the Counterclaims that Tamassia and the Club collaborated with Kaplan, Applehead and/or Summit on the Infringing Film. Tamassia and the Club also deny the allegation in the second sentence of Paragraph 5 of the Counterclaims that the Option Agreement and/or the Purchase Agreement grant EPV any rights. With respect to the remainder of the allegations set forth in Paragraph 5 of the Counterclaims, Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of such allegations and therefore deny them.

6.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Counterclaims and therefore deny them.

## PARTIES

7.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Counterclaims and therefore deny them.

8.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Counterclaims and therefore deny them.

9. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Counterclaims and therefore deny them.

10. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Counterclaims and therefore deny them.

11. Tamassia and the Club admit the allegations of Paragraph 11 of the Counterclaims.

12. Tamassia and the Club admit the allegations of Paragraph 12 of the Counterclaims.

## JURISDICTION AND VENUE

13. Tamassia and the Club deny the allegations of Paragraph 13 of the Counterclaims.

14. Tamassia and the Club deny the allegations of Paragraph 14 of the Counterclaims.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Tamassia and the Club admit that they entered into the Option Agreement with Rigas Entertainment, Ltd. Tamassia and the Club deny that the Option Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 15 of the Counterclaims.

16. The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Option Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 16 of the Counterclaims.

17. Tamassia and the Club refer to, and incorporate their response to Paragraph 16.

18. Tamassia and the Club refer to, and incorporate their response to Paragraph 16.

19. Tamassia and the Club refer to, and incorporate their response to Paragraph 16.

20. Tamassia and the Club refer to, and incorporate their response to Paragraph 16.

21. Tamassia and the Club refer to, and incorporate their response to Paragraph 16.

22. Tamassia and the Club admit that Rigas Entertainment, Ltd. extended its rights under the Option Agreement two times. The allegations set forth in this Paragraph of the Counterclaims also attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Option Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 22 of the Counterclaims.

23. Tamassia and the Club admit that they entered into the Purchase Agreement with Rigas Entertainment, Ltd. The allegations set forth in this Paragraph of the Counterclaims also attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Purchase Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 23 of the Counterclaims.

24. The allegations set forth in this Paragraph of the Counterclaims also attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Purchase Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 24 of the Counterclaims.

25. The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Purchase Agreement grants EPV any rights, and otherwise deny the other remaining allegations of Paragraph 25 of the Counterclaims.

26. The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Option Agreement and/or the Purchase Agreement grant EPV any rights, and otherwise deny the other remaining allegations of Paragraph 26 of the Counterclaims.

27. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Counterclaims and therefore deny them.

28. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Counterclaims and therefore deny them.

29. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Counterclaims and therefore deny them.

30. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Counterclaims and therefore deny them.

31. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Counterclaims and therefore deny them.

32. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Counterclaims and therefore deny them.

33. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Counterclaims and therefore deny them.

34. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Counterclaims and therefore deny them.

35. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Counterclaims and therefore deny them.

36. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Counterclaims and therefore deny them.

37. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Counterclaims and therefore deny them.

38. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Counterclaims and therefore deny them.

39. The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied.

40. The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied.

41.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Counterclaims and therefore deny them.

42.     Tamassia and the Club admit they have knowledge of a non-fiction book written by Lise and Ceil Friedman entitled *Letters to Juliet*. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Counterclaims and therefore deny them.

43.     The allegations set forth in this Paragraph of the Counterclaims attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied.

44.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Counterclaims and therefore deny them.

45.     Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Counterclaims and therefore deny them.

46.     The allegations set forth in this Paragraph of the Counterclaims attempt to characterize documents which, in their entirety, speak for themselves. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied.

47.     The allegations set forth in this Paragraph of the Counterclaims attempt to characterize documents which, in their entirety, speak for themselves. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that either "did authorize or actively cooperate[d] in the production of the Infringing Film.

48. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 48 of the Counterclaims and therefore deny them.

49. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 49 of the Counterclaims and therefore deny them.

50. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Counterclaims and therefore deny them.

51. Tamassia and the Club deny providing "active consultation and assistance" to Summit or Kaplan. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 51 of the Counterclaims and therefore deny them.

52. Tamassia and the Club deny the allegations of Paragraph 52 of the Counterclaims.

53. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Counterclaims and therefore deny them.

54. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 54of the Counterclaims and therefore deny them.

55. Tamassia and the Club are without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Counterclaims and therefore deny them.

**COUNT I**
**Copyright Infringement (17 U.S.C. § 501)**
**(Against Summit, Applehead and Kaplan)**

56. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

57. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

58. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

59. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

60. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

61. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

62. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

63. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

64. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

## COUNT II
### Theft of Idea/Breach of Implied Contract
### (Against Applehead and Kaplan)

65. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

66. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

67. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

68. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

69. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

70. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

**COUNT III**
**Breach of Contract**
**(Against Tamassia and the Club)**

71. Tamassia and the Club incorporate by reference in their entirety the preceding paragraphs of their Answer to EPV's Counterclaims, as if fully set forth in this paragraph.

72. The allegations set forth in this Paragraph of the Counterclaims also attempt to characterize a document which, in its entirety, speaks for itself. To the extent that said allegations misstate or mischaracterize the substance, content or import of the document, or cite to the same out of context or in a misleading fashion, they are denied. Tamassia and the Club deny that the Option Agreement and/or the Purchase Agreement grant EPV any rights, and otherwise deny the other remaining allegations of Paragraph 72 of the Counterclaims.

73. Tamassia and the Club deny the allegations of Paragraph 73 of the Counterclaims.

74. Tamassia and the Club deny the allegations of Paragraph 74 of the Counterclaims

75. Tamassia and the Club deny the allegations of Paragraph 75 of the Counterclaims

**COUNT IV**
**Tortious interference with Contract**
**(Against Summit, Applehead and Kaplan)**

76. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

77. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

78. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

79. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

80. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

81. These allegations are not directed to Tamassia and the Club and therefore no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are time barred, in whole or in part.

### Third Affirmative Defense

EPV has no rights in the Purchase Agreement and/or the Option Agreement.

### Fourth Affirmative Defense

EPV's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

The Purchase Agreement and/or the Option Agreement are unenforceable because of material breaches of those agreements by Rigas Entertainment, Ltd., EPV and/or EPV's predecessors in interest.

### Sixth Affirmative Defense

The Purchase Agreement and/or the Option Agreement are not assignable agreements because they are for the personal services of Tamassia and the Club.

**WHEREFORE**, Tamassia and the Club respectfully requests that this Honorable Court enter judgment in its favor, dismiss EPV's Third-Party Complaint with prejudice and award Tamassia and the Club all such other relief that this Honorable Court deems just, including but not limited to all fees, expenses and court costs if and to the extent allowable under law.

Dated: New York, New York
April 9, 2010

_____
John Pelosi
Angelo DiStefano
Pelosi Wolf Effron & Spates LLP
The Woolworth Building
233 Broadway, 22nd Floor
New York, New York 10279
Tel.: 212-334-4801
Fax: 212-571-9149

*Attorneys for Third-party Defendants*
*Giulio Tamassia and Club di Giulietta*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, a true copy of GIULIO TAMASSIA AND CLUB DI GIULIETTA'S ANSWER TO EPV ENTERPRISES, LLC'S THIRD PARTY COMPLAINT was served by first class mail to Declaratory Judgment Defendant/Counterclaim Plaintiff/Third-party Plaintiff EPV Enterprises, LLC's counsel of record:

> John J. Rosenberg (RG 1206)
> Matthew H. Giger (MG 3731)
> Brett T. Perala (BP 0913)
> ROSENBERG & GIGER P.C.
> 488 Madison Avenue, 10th Floor
> New York, NY 10022
> Tel.: 212-705-4824
> Fax: 212-593-9175

_____
ANGELO DISTEFANO, ESQ.